IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTONIO HERNANDEZ et al,
    *Plaintiffs*,

v.

VILLA BUILDING GROUP, LLC, et al,
    *Defendants*

Civil Action No.
23-CV-3011-ABA

**MEMORANDUM OPINION**

Four plaintiffs filed this action against their former employers, Villa Building Group, LLC, Gulzar, Inc., Gulzar, LLC, Ali Shahroz Malik, and Shamim G. Malik, (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, ("FLSA") and analogous state law. *See* ECF No. 1 ("Compl."). Pending before the Court is the parties' joint motion for approval of their settlement agreement. *See* ECF No. 24 ("Jt. Mot."). Because the settlement amount and terms, including the related attorneys' fees, are reasonable and fair, the Court will grant the parties' motion.

**I.    BACKGROUND**

At various times between September 2022 and August 2023, Antonio Hernandez, Rafael Alexander Arevalo, Orlando Berrios Tenorio, and Luis Fernando Perez Navas (collectively, "Plaintiffs") each worked for Defendants, as construction and maintenance workers. Compl ¶¶ 14-18, 26. Plaintiffs filed this action in November 2023, alleging retaliation under the FLSA, and violations of the minimum wage and overtime provisions of the FLSA, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*, the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.*, and the Maryland Workplace Fraud Act, Md. Code Ann., Lab. & Empl. §§ 3-901 *et seq. See id.* ¶¶ 43-73. The parties soon

after engaged in settlement talks and ultimately reached a compromise. They filed the now-pending motion in March 2024, along with a copy of their proposed settlement agreement. *See* ECF No. 24-1 (the "Agreement"). In June 2024, the parties filed a supplemental brief in support of the reasonableness of Plaintiffs' attorneys' fees along with declarations by counsel attesting to the total number of hours they each spent representing Plaintiffs. ECF No. 26 ("Pls' Supp. Br.").

The gross settlement amount is $40,000, including attorneys' fees and costs. *Id*. ¶ 1. The Agreement provides that, within ten days of the Court's approval of its terms, Defendants will pay $20,000. *Id*. The remaining balance will be distributed in six consecutive monthly installments. *Id*. To accommodate certain deductions and withholdings required by law, each plaintiff will receive two checks every installment, totaling the amount due individually. *Id*.

The Agreement contains a general release. *Id*. ¶ 3. Excluding "claims that may arise after the date of th[e] Agreement or which otherwise cannot be waived," Plaintiffs have agreed to "forever release and discharge Defendants . . . from any and all claims . . . relating in any way to . . . any event or transaction that occurred before th[e] Agreement is signed." *Id*. Plaintiffs' counsel will receive $15,000 in attorneys' fees and costs from the gross settlement amount. *Id*. ¶ 1.

II.     **DISCUSSION**

Congress enacted the FLSA to protect workers from "substandard wages and excessive hours" that resulted from unequal bargaining power between employers and employees*. See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To that end, the statute's provisions generally cannot be waived or modified by contract or settlement. *See id*. at 707. Settlement "is not entirely forbidden in FLSA cases," however, as court-approved agreements are an exception to this rule. *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 476 (D. Md. 2010); *see also*, 29 U.S.C. §

216(b). But such settlements must "reflect[] a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, DKC–12–cv–1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Fourth Circuit has not established a definitive rubric for determining the propriety of an FLSA settlement, but district courts in this circuit have adopted the considerations set forth in the Eleventh Circuit's *Lynn's Food Stores* case. *See*, *e.g.*, *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407-08 (D. Md. 2014). Under this approach, the Court determines whether a settlement provides "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355.

Courts first confirm that there are FLSA issues "actually in dispute," *id.* at 1354, by reviewing the pleadings and "the representations and recitals in the proposed settlement agreement." *Duprey*, 30 F. Supp. 3d at 408 (citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08–1310, 2009 WL 3094955, at *16-17 (E.D. Va. Sept. 28, 2009)). Next, courts assess the fairness and reasonableness of a settlement itself, which involves considering all relevant factors, including:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff[]; (5) the opinions of class counsel . . . ; and (6) the probability of plaintiff['s] success on the merits and the amount of the settlement in relation to the potential recovery.

*Yanes v. ACCEL Heating & Cooling, LLC*, No. PX-16-2573, 2017 WL 915006, at *2 (D. Md. Mar. 8, 2017) (quoting *Lomascolo*, 2009 WL 3094955, at *10). These factors are usually satisfied if there is an "assurance of an adversarial context," and the employee is "represented by

3

an attorney who can protect [his or her] rights under the statute." *Duprey*, 30 F. Supp. 3d at 408 (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

      A.     ***Bona Fide* Dispute**

The parties assert in their motion that a *bona fide* dispute exists. *See* Jt. Mot. at 3. A close review of the relevant pleadings and filings of this case reflects the same. The parties are at odds as to whether Defendants unlawfully refused to pay minimum wage and overtime pay to Plaintiffs, and Plaintiffs allege that Ali Shahroz Malik threatened to bring criminal charges against them as reprisal for filing the instant action. *see* Compl ¶ 50. Defendants collectively challenge Plaintiffs' claimed hours and overtime calculations. Jt. Mot. at 3. As for the retaliation claim, Ali Shahroz Malik responds that "Plaintiffs' stole expensive building materials from his worksite and that his right and ability to file criminal charges related to the same are separate and independent from any claims for alleged unpaid wages." *Id.* Given Defendants' denial of the allegations and the parties' overall disagreement, there is a *bona fide* dispute under the FLSA. *See Duprey*, 30 F. Supp. 3d at 408 (finding *bona fide* dispute based on litigants' disagreement over plaintiff's "rate of pay and hours worked").

      B.     **Fairness and Reasonableness of Settlement Terms**

Having reviewed the parties' submissions and considered the relevant factors, the Court is satisfied that their proposed settlement represents a fair and reasonable compromise of their *bona fide* dispute. There is no evidence that the Agreement is the product of fraud or collusion. *See Lomascolo*, 2009 WL 3094955, at *12 ("There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."). Although the parties did not engage in formal discovery, they maintain that the decision was a deliberate and economically driven one. Jt. Mot. at 2. They insist that their arms-length negotiations offered

enough opportunity to gauge the strength of their respective arguments. *Id*. They also represent that settlement at this stage of the proceedings is to their mutual benefit, as they all wish to avoid the time, expense, and uncertainty of further litigation. *Id.* at 4. Plaintiffs are represented by competent counsel, whose firm works almost exclusively in employment law. Jt. Mot. at 3. Plaintiffs acknowledge their burden to prove claims at trial, and Defendants recognize their liability exposure. *Id.* Given the disputed material facts and risks of litigation, the Court is convinced that the settlement amount "reflects a reasonable compromise over issues actually in dispute." *Lomascolo*, 2009 WL 3094955, at *8.

General release language can render an FLSA settlement agreement unreasonable. *See Duprey*, 30 F. Supp. 3d at 410 (citing *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010)). But in these particular circumstances, such language is not fatal. Where, as here, the "employee is compensated reasonably for the release executed, the settlement can be accepted" and the Court need not consider the "reasonableness of the settlement as to the non-FLSA claims." *Id*.

Upon consideration of the relevant factors, the Court finds the settlement to be fair and reasonable.

   C.   **Attorneys' Fees**

The last step of the settlement analysis requires determining the reasonableness of attorneys' fees and costs awarded in connection with the settlement. *See, e.g.*, *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012). Plaintiffs request approval that, of the $40,000 settlement, $14,279 be awarded as attorneys' fees, and $721 as costs (for a total as to fees and costs of $15,000). *See* Jt. Mot. at 4-5 & Pls' Supp. Br. at 1.

The Court determines the reasonableness of attorneys' fees using "the principles of the traditional lodestar method as a guide." *Lane*, 2011 WL 3880427, at *3 (quoting *Poulin v.*

*General Dynamics Shared Resources, Inc.*, No. 3:09–cv–00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010)). The lodestar amount is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). Under the lodestar approach, an hourly rate "is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F. Supp. 3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). This Court maintains rough guidelines regarding appropriate hourly rates in Appendix B to its Local Rules, although some time has passed since those rates were updated, and higher rates can be reasonable. *See* U.S. Dist. Ct., D. Md., Local Rules (D. Md. Jul. 2023).

The Fourth Circuit addressed specific factors district courts should consider in determining the reasonableness of attorneys' fees in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28.

Here, Plaintiffs' counsel, Thomas Eiler and Michael Amster, have agreed to accept $15,000 for fees and costs. *See* Jt. Mot. at 4-5. Mr. Eiler, a member of the bar since 2020, spent 28.7 hours on this case, and Mr. Amster, who has practiced law since 2009, spent 19.6 hours on

6

this matter. Jt. Mem. at 1-2; Pls.' Supp. Br. at 1-2. Counsel represent that this case also required 9.1 hours of paralegal support. *Id*.

The proposed hourly rate of $425 for Mr. Amster, who has practiced for 15 years, is within the range of rates set forth in Appendix B to the Local Rules for attorneys with 15 to 19 years of experience. The proposed hourly rate of $150 for the paralegals at Zipin, Amster & Greenberg, LLC is also within applicable Appendix B range.

Mr. Eiler's proposed hourly rate of $300 exceeds the hourly rate set forth in the Guidelines for attorneys with less than 5 years of experience ($150 to $225). Plaintiffs argue that Mr. Eiler's rate should be approved based on inflation. *See* Pls' Supp. Br. at 3 n.2. The Court need not decide whether a rate exceeding the current Appendix B range is reasonable in this case, however, because even using the rate at the high end of the 1-5 year experience range, $225, and applying that rate to Mr. Eiler's hours—and combining that with the lodestar for Mr. Amster and the firm's paralegal(s)—results in a total lodestar value of $16,152, which is still greater than the $14,279 in attorneys' fees that Plaintiffs request. The hours expended, which reflect pre-suit investigation and preparation, and settlement negotiation, along with any time that counsel spent advising all four Plaintiffs, are likewise reasonable. Accordingly, the requested total of $14,279 in attorneys' fees is approved.

Counsel also incurred $721 in costs. Jt. Mem. at 2. Such an amount is reasonable, as it reflects the expenses typical for filing fees, costs for service of process, copies, and postage. *See Trs. of the Nat'l Automatic Sprinkler Indus. Welfare Fund v. Westland Fire Prot., Inc.*, No. 12-cv-1421-DKC, 2014 WL 824121, at *3 (D. Md. Feb. 28, 2014) ("Costs that may be charged include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'") (quoting *Spell v.*

*McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988)). For these reasons, the Court finds the attorneys' fees and costs totaling $15,000 are fair and reasonable.

## CONCLUSION

Having considered the relevant factors, the Court concludes the standard for approval of the settlement is satisfied. The proposed settlement is a fair and reasonable resolution of a *bona fide* dispute. The attorneys' fees and costs are also fair and reasonable. The settlement will be approved, and the requested fees will be awarded in full. A separate order will follow.

Date:   June 25, 2024                                            /s/
                                                        Adam B. Abelson
                                                        United States Magistrate Judge